**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0556n.06

**No. 13-6087**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT, WESTERN DISTRICT |
| ANTHONY LEWIS, | ) | OF KENTUCKY |
| | ) | |
| **Defendant-Appellant.** | ) | OPINION |
| | ) | |
| | ) | |

Before: **SILER and KETHLEDGE, Circuit Judges; and WATSON, District Judge.**[*]

**MICHAEL H. WATSON, District Judge.** Defendant pleaded guilty to possession with intent to distribute more than fifty grams of cocaine base, possession of a firearm in furtherance of a drug trafficking offense, and being a felon in possession of a firearm. In 2007, the district court sentenced Defendant to a term of 180 months' imprisonment, ten years of which represented the statutory minimum for the crack cocaine count. In 2013, Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 11-220, 124 Stat. 2372, relying on *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *rev'd en banc*, 746 F.3d 647 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1779 (2014).

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

The FSA raised the minimum quantities of crack cocaine required to trigger the mandatory minimum sentences set forth in 21 U.S.C. § 841(b)(1). Defendant asserts that application of the FSA would reduce his sentence by about three years.

The district court denied Defendant's motion to reduce sentence without prejudice after en banc review was granted in *Blewett*. On appeal, Defendant argues that the district court's refusal to apply the FSA retroactively to the sentence for possession with intent to distribute crack cocaine deprived him of due process and equal protection of the laws under the Fifth Amendment and violated his right to be free from cruel and unusual punishment under the Eighth Amendment.

Defendant expressly acknowledges that this court's en banc decision in *Blewett* bars the relief he seeks. The en banc majority in *Blewett* held that the FSA's new mandatory minimums for crack cocaine apply only to sentences imposed *after* the FSA's effective date and further rejected the very constitutional arguments Defendant advances in his appeal. 746 F.3d at 650. Defendant continues to prosecute his appeal solely to preserve his arguments for review by the United States Supreme Court. We are bound by *Blewett*, and accordingly, we **AFFIRM.**